SHARP *et al. v.* McCLUNG, next friend.

Under all the facts in the record the court erred in granting an injunction which had the effect of changing the custody of two minor children whose guardian had left them temporarily in the charge and care of the defendants, and of conferring the right of such custody upon a third person.

No. 1317. NOVEMBER 14, 1919.

Injunction. Before Judge Terrell. Carroll superior court. January 22, 1919.

R. H. McClung, the grandfather of Harold and Clyde Sharp, filed a petition as their next friend, in the superior court of Carroll county, against J. O. Sharp, Mrs. J. O. Sharp, Dumas Sharp, and Omer J. Sharp, praying for injunction and other equitable relief against the defendants. The petition shows, that Omer J. Sharp was a resident of Carroll county; that he had been duly appointed guardian of the persons and property of Harold and Clyde Sharp, who at the time of filing the petition were respectively thirteen years and eleven months and eleven years and eleven months of age, and he had qualified as such guardian; that some three or four months prior to the filing of the petition Omer Sharp, the guardian, became a soldier and a member of the American Expeditionary Forces in France; that the children, at the time of filing the petition, were at the home of petitioner; that they were harshly treated and made to do menial service when they were at the home of J. O. Sharp, where they were left when Omer Sharp went into the army, J. O. Sharp being the paternal grandfather of the children; that there is now pending in the court of ordinary of Carroll county a petition filed by the children, requesting the court to declare the guardianship of them void for the reason that the guardian is out of the country, and that a fit and proper person be appointed in the stead of Omer J. Sharp. Petitioner alleges that J. O. Sharp and Dumas Sharp are threatening to take possession of the children, and declares that if the children are carried to the house of J. O. Sharp they will be severely and cruelly treated, and they do not desire to go there; and that the defendants threaten to take out habeas corpus for them. Alleging that he has no adequate remedy at law, the petitioner prays for an injunction to restrain the defendants from interfering with the children, or in any way changing their board or the conditions as they now exist, and from harrassing or annoying or interfering with them while they are going to

and from school; and that the letters of guardianship issued to Omer J. Sharp be vacated.

There was no service upon Omer Sharp. The defendants appeared and answered, denying that there is no one to protect and look after the children in the home of the defendants, and showing that when Omer Sharp went into the army he left the custody of the children to Dumas Sharp, their uncle, who lived at the home of his father and mother, Mr. and Mrs. J. O. Sharp, grandparents of the children. Defendants denied all allegations of improper treatment of the children; and alleged that they were kindly and properly cared for and guarded, and that on December 25, 1918, they were carried to the home of the plaintiff, their grandfather, to make a visit until December 30, as had been the custom theretofore, with the understanding that they would be called for on the 30th of December. Affidavits were introduced in support of the allegations in the petition and the answer. At the hearing the court granted an interlocutory injunction until further order of the court, "or until the court of ordinary of Carroll county shall have adjudicated and passed upon the petition of Harold and Clyde Sharp to revoke the letters of guardianship granted to Omer Sharp."

*S. Holderness,* for plaintiffs in error.

*Buford Boykin* and *C. E. Roop,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court erred in granting the interlocutory injunction. No property right of the children or of the petitioner was involved in this controversy. The children had been placed in the coustody of an uncle with whom their guardian had left them while he was temporarily absent in the army. The children made an affidavit in which they deposed that they were compelled to perform certain menial service at the home at which they had been left by their guardian, and that they were not properly cared for there and their rights were not duly considered. But these complaints do not show that they will in any way be endangered in the short time that would be required to test the right to their custody upon the issue being properly made in habeas-corpus proceedings. Under the circumstances shown in this record a court of equity should not undertake to settle and adjust this domestic difficulty in regard to the possession and custody of these children.

They left the home where they had been placed by the regularly appointed guardian of their persons and property when he went into the army, and went on a visit to the home of petitioner, their maternal grandfather. If it be true that the father and brother of the guardian in whose care he left the children are not proper persons to discharge the duties undertaken, and are not proper persons to have custody of children, that contention can be settled in habeas-corpus proceedings. Or, if the petitioner in this case does not care to institute habeas corpus, application for revocation of letters of guardianship and for appointment of another guardian can soon be heard. The record does not disclose facts to show that jurisdiction of a court of equity can attach; and the court should have refused the injunction.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*